United States District Court
Middle District of Florida
Jacksonville Division

**NOVO NORDISK, INC.,**

    *Plaintiff,*

v.                                    NO. 3:23-cv-808-TJC-PDB

**LIVE WELL DRUGSTORE, LLC,**

    *Defendant.*

# Order

Novo Nordisk, Inc., sues Live Well Drugstore, LLC, for alleged violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201–501.213, by unlawfully marketing, selling, manufacturing, and distributing unapproved drug products purporting to contain semaglutide and by unfairly competing with Novo Nordisk. Doc. 1. Live Well moves to dismiss. Doc. 32. In a case management report filed last year, the parties asked the Court to stay discovery and deadlines pending a ruling on the motion to dismiss. Doc. 36 at 1.

Novo Nordisk now moves for leave to "amend its complaint to add allegations that [Live Well]'s conduct independently violates FDUPTA because its 'semaglutide' drugs contain impurities that pose potential significant risks to patient health, and the products' strength is less than what is reported on its label, rendering it potentially less effective." Doc. 64 at 1–2. Live Well opposes the motion, arguing amendment is unwarranted because the proposed amendment would be futile (for reasons related to preemption, plausibility, and standing), Novo Nordisk waited too long to move to amend, and Live Well

will suffer undue prejudice in having to continue to expend time and money on the litigation. Doc. 68.

"A party may amend its pleading once as a matter of course" within 21 days after serving it, or after the earlier of service of any responsive pleading or service of a Fed. R. Civ. P. 12(b) motion, but in all other cases a party may amend its pleading only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(1), (a)(2). The district court "should freely give leave when justice so requires." *Id.* at 15(a)(2).

The Supreme Court has interpreted the rule to require a court to freely give leave to amend unless there is an "apparent or declared reason" to do otherwise, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Granting leave to amend would be futile if the complaint as amended would still be properly dismissed. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). "A district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend, and amendment would further delay the proceedings." *Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1250 (11th Cir. 2015) (quoted authority omitted).

Applying the liberal amendment standard, the Court **grants** the motion, Doc. 64, **directs** Novo Nordisk to file the amended complaint, Doc. 64-1, as a separate docket entry by **July 15, 2024**, and directs Live Well to respond to the amended complaint by **July 31, 2024**.

This order makes no ruling on futility—a matter better addressed with adversarial briefing on a motion to dismiss, motion for judgment on the pleadings, or motion for summary judgment. Novo Nordisk has not previously amended its complaint. No case management and scheduling order has been entered at the parties' request. Live Well has not shown Novo Nordisk knew the new allegations long before requesting leave to amend. Amendment will not substantially delay the proceedings considering that no decision has been made on the motion to dismiss and no discovery has occurred. Live Well has not shown undue prejudice; in responding to the amended complaint, Live Well can reassert arguments already made.

Considering the amended complaint, the motion to dismiss the original complaint, Doc. 32, and request for oral argument on the motion to dismiss, Doc. 33, are **denied** as moot and without prejudice.

**Ordered** in Jacksonville, Florida, on July 9, 2024.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*